IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ali S. Almudallal, | Case No.  3:07 CV 2040 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| USCIS, et al., | |
| Defendants. | |

## FACTS

Plaintiff Ali Almudallal applied for naturalization in October 2005.  The United States Citizenship and Immigration Services (USCIS) submitted a name check request to the Federal Bureau of Investigation (FBI) in November 2005 and interviewed Plaintiff in February 2006.  Plaintiff filed his Complaint in July 2007 (Doc. No. 1).  According to the Joint Answer of Defendants (USCIS, United States Department of Homeland Security, U.S. Attorney General and FBI), the FBI name check had not been completed and, without it, USCIS cannot complete the Naturalization Application.

The Court, at the Case Management Conference (CMC) in January 2008, remanded the case to the USCIS to expedite its process and take whatever steps were necessary to make a final determination on Plaintiff's Application for Naturalization (Doc. No. 12).  The FBI completed the name check, and the USCIS approved Plaintiff's Application for Naturalization, both in March 2008. Plaintiff subsequently was naturalized as a U.S. citizen (coincidentally by this Court) on March 24, 2008.

This matter is before the Court on Plaintiff's Motion for Attorney Fees (Doc. No. 14), Opposition (Doc. No. 16) and Reply (Doc. No. 17).

### DISCUSSION

**Prevailing Party**

The general rule is that parties, win or lose, are required to bear their own attorney fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Courts recognize an exception to this rule when a statute explicitly authorizes the award of attorney fees to the prevailing party, as in the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Plaintiff claims he is a "prevailing party" and entitled to an award of attorney fees and costs under Section 2412(d) of the EAJA.[1]

The Supreme Court recently clarified the definition of a prevailing party in *Sole v. Wyner*, ___ U.S. ___, 127 S.Ct. 2188 (2007). The Court held a plaintiff who gains a preliminary injunction after an abbreviated hearing, but is denied a permanent injunction after a dispositive adjudication on the merits, does not qualify as a prevailing party. The Court reviewed its prior holdings:

> The touchstone of the prevailing party inquiry, this Court has stated, is "the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792-793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). See *Hewitt v.*

---

[1] 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> *Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail"); *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (upholding fees where plaintiffs settled and obtained a consent decree); cf. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (precedent "counsel[s] against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties").

*Id.* at 2194.

While a prevailing party does not need to prevail on the central issue, and even an award of nominal damages can make a plaintiff a prevailing party, a material alteration of the legal relationship requires "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Rhodes v. Steward*, 488 U.S. 1, 4 (1988) (citing *Hewitt*, 482 U.S. at 761); *Texas State Teachers Ass'n,* 489 U.S. at 786-92 (rejecting the central issue test); *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (plaintiff who wins nominal damages is a prevailing party). Additionally, no alteration of the legal relationship occurs when plaintiff merely receives "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff." *Hewitt*, 482 U.S. at 763.

Generally, "[P]laintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar*, 506 U.S. at 111 (citations omitted). In the instant case, the Court did not find Plaintiff prevailed on the merits, nor was the legal relationship between Plaintiff and Defendants altered. Rather, the Court remanded to the USCIS to complete its work on Plaintiff's Application before the Court considered further action.

At the CMC, Plaintiff asked the Court to remand this case for immediate resolution within 30 days and, if Plaintiff is eligible, to have him sworn in within the next 30 days. Defendants also asked the Court to remand but without instruction in order to allow additional review by the FBI of Plaintiff's name check (Doc. No. 6). The Court took a middle ground and remanded without specific

3

instructions and retained jurisdiction in the event Plaintiff felt satisfactory progress was not being made. Once remanded, Plaintiff's Application was quickly completed.

Plaintiff argues he is entitled to attorney fees because the Court's remand may have pressured Defendants to advance Plaintiff's Naturalization Application. Whether the filing of the Complaint helped to hasten Plaintiff's naturalization is unknown. Even if it did, Plaintiff's eventual naturalization is insufficient to make him a prevailing party. The Supreme Court rejected this "catalyst theory" in *Buckhannon Bd. & Care Home*, 532 U.S. at 600 (plaintiff's challenge of a state housing requirement, where the state legislature voluntarily eliminated the disputed requirement during litigation, did not make plaintiff a prevailing party). The Supreme Court held that achieving the desired result, through defendant's voluntary change in conduct prompted by the filing of the lawsuit, is insufficient to make plaintiff a prevailing party. *Id.* at 601. Unless there is a "judicially sanctioned change in the legal relationship of the parties," defendant's actions lack the "necessary imprimatur" on the change. *Id*. at 605-06. Likewise, there is no "necessary imprimatur" in the case at hand.

Plaintiff also argues he is entitled to attorney fees as a prevailing party because the Court ordered one of the reliefs requested pursuant to 8 U.S.C. § 1447(b)[2] by remanding to the USCIS for a decision. The court in *Maki v. Gonzales*, No. 2:06 CV 794 DAK, 2007 WL 2220532, at *1 (D.C. Utah July 27, 2007) addressed this identical argument. The court noted that the statute gives a court

---

[2]

Section 1447(b) of Title 8 of the United States Code provides:

> If there is a failure to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

4

two options: deciding the application for naturalization or remanding it to the USCIS with appropriate instructions. Plaintiff there, like Plaintiff here, claimed the remand constituted a final judgment thereby making plaintiff a prevailing party and entitling plaintiff to attorney fees.

*Maki* found congressional intent is best effectuated by finding concurrent jurisdiction between the USCIS and the district court following the filing of a complaint. Therefore, a lawsuit under Section 1447(b) allows the USCIS to maintain jurisdiction over the naturalization application and the order for remand does not constitute a final judgment.[3] This Court agrees with *Maki*. Further, this Court did not grant a hearing under Section 1447(b) and the Court's entry closing this case for statistical purposes clearly allowed USCIS to continue processing Plaintiff's Application as well as leaving open an avenue for Plaintiff to return to Court if progress on the Application was not made.

This holding is consistent with this Court's previous decision in *Chen v. Alberto Gonzales, et al.*, U.S. District Court, Northern District of Ohio Case No. 06 CV 2523. In that case, this Court denied an application for attorney fees where proceedings were stayed in order to allow plaintiff's application to be completed. Here, the Court remanded with instructions to allow the process to be completed. In both cases, all sides requested a remand and the net effect was the same. In neither case did the court order plaintiff to be naturalized. In both cases, the naturalization application was processed without further delay and without the necessity for continued legal expense. As in *Chen*,

---

[3] The court noted a split of authority among courts that have addressed this issue. *Perry v. Gonzales*, No. 06-CV-313, 2007 WL 293424 (D.N.J. Feb. 1, 2007) (describing the conflicting decisions). Some courts hold that a remand order for USCIS adjudication makes plaintiff a prevailing party. *Liu v. Chertoff,* 2008 WL 706594 (D. Minn.); *Aboushaban v. Mueller*, 475 F. Supp. 2d 943, 946 (N.D. Cal.2007); *Al-Ghanem v. Golzales*, 2007 WL 446047 (D. Utah); *Berishev v. Chertoff*, 486 F. Supp. 2d 202 (D. Mass. 2007). However, none of these cases address the critical inquiry of whether the remand was a final judgment.

the Order in this case did "not bestow prevailing party status upon Plaintiff and clearly is not a judgment on the merits."

### Substantially Justified

Plaintiff may not recover fees under the EAJA if the Government shows that its position is "substantially justified" or that "special circumstances" make an award unjust. 28 U.S.C.§ 2412(d). Here, the Government argues that, in any event, its position is substantially justified thereby defeating any claim for attorney fees.

In *United States v. One 1985 Chevrolet Corvette*, 914 F. 2d 804, 808 (6th Cir. 1990), the Sixth Circuit summarized the definition of "substantially justified" as defined by the U.S. Supreme Court in *Pierce v. Underwood*, 487 U.S. 552 (1988):

> In *Pierce,* the Supreme Court defined the meaning of the phrase "substantially justified," as it is used in the EAJA, to mean "justified to a degree that could satisfy a reasonable person." The Court observed that this standard "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." The Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially ( i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*See also United States v. Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998).

At the outset, the Court notes that naturalization is a privilege and not a right. *Maney v. United States*, 278 U.S. 17, 22 (1928); *Abdul-Khalek v. Jenifer*, 890 F. Supp. 666, 669 (E.D. Mich. 1995). Congress has prescribed a statutory scheme for an alien to become eligible for citizenship by naturalization. This statutory scheme is strictly applied and the applicant has the burden of establishing by a preponderance of the evidence that he or she meets all requirements for naturalization and, further, all doubts are resolved against the applicant. 8 C.F.R. §§ 316.2(b) and 316.10(a); *Berenyi v. Dist. Dir.*, 385 U.S. 630, 637 (1967).

The Government's position **in this case** is not unlike that of the Government in *Simonovskaya v. Chertoff*, No. 06-11745-RWZ, 2007 WL 210391, at *1-2 (D. Mass. Jan. 26, 2007) where the court reviewed the Government's efforts and concluded the Government's position was "substantially justified." The docket in this case shows the Government was similarly cooperative in reaching an expedited resolution. The Government agreed at the initial CMC to suspend discovery and, thereby, reduce litigation costs. Within two months of the CMC, Plaintiff's name check was completed, his Application approved and he was sworn in as a new citizen. The Government filed Declarations of Kim Adams and Michael Cannon in support of its handling of Plaintiff's Application. These Declarations, uncontradicted, reveal Defendants were performing a thorough analysis of Plaintiff's background and confirming that Plaintiff's name check was properly completed.

Defendants were also substantially justified in their initial position that this Court lacked subject matter jurisdiction under 8 U.S.C. § 1447(b) because 120 days had not elapsed since Plaintiff's "examination." Although this Court rejected that argument, Plaintiff is "hard-pressed to argue Defendants' position is not 'substantially justified' due to the unsettled issues and lack of guidance from the Sixth Circuit." *Boltenko v. U.S. Dep't of Homeland Sec.*, No. 1:07-CV-1055, 2008 WL 408404, at *2 (W.D. Mich. Feb. 12, 2008). Outside this Circuit, there is a split of authority surrounding the issue of subject matter jurisdiction. *Compare Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005) (court does not have subject matter jurisdiction because the 120 day period under 8 U.S.C. § 1447(b) does not begin to run until all aspects of the examination process are completed) *and El Kassemi v. Department of Homeland Security*, No. 06-1010, 2006 WL 2938819, *2 (D. N.J. Oct. 13, 2006) (holding that "the statutory 120 day period did not begin to run until Defendants received the results of Plaintiff's background check") *with Khelifa v. Chertoff*, 433 F. Supp. 2d 836

(E.D. Mich. 2006) (the term "examination" refers to a specific event, the applicant's interview by USCIS, rather than an ongoing process). This genuine dispute provides the Government with a reasonable basis in law and, therefore, substantial justification for its initial position. For this reason too, then, Plaintiff is not entitled to fees.

## CONCLUSION

The Court finds Plaintiff here does not meet the requirements of a prevailing party and that Defendants' position is substantially justified. Therefore, Plaintiff is not entitled to attorney fees and costs under the EAJA, and this Motion (Doc. No. 14) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 5, 2008